TENNECO OIL COMPANY and Continental Oil Company et al., Petitioners,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

EL PASO NATURAL GAS COMPANY et al., Plaintiffs-Appellants,

v.

SUN OIL COMPANY et al., Defendants-Appellees.

Nos. 77–2613, 77–2755, 77–2759, 77–2761, 77–2790, 77–2803, 77–2845, 77–2861 and 77–1762.

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1978.

Gordon Gooch, Washington, D. C., for Tenneco Oil Co., et al., Crown Central Petroleum, and Morris Mizel, et al.

Leo J. Hoffman, Dallas, Tex., for Sun Oil Co. (Del.).

Robert D. Haworth, Houston, Tex., for Mobil Oil Corp.

W. B. Browder, Jr., Midland, Tex., for W. Watson LaForce, Jr., et al.

Sherman S. Poland, Washington, D. C., for William G. Webb, et al.

Michael J. Henke, Washington, D. C., for Union Oil Co. of Calif.

George B. Mickum, III, Washington, D. C., for Atlantic Richfield Co.

Steven A. Taube, Philip R. Telleen, Federal Energy Regulatory Comm., Howard E. Shapiro, Sol., Washington, D. C., for Federal Energy Regulatory Comm.

John L. Williford, Bartlesville, Okl., for Phillips Petroleum Co.

J. O. Terrell Couch, Houston, Tex., for Robert Beamon, et al.

John S. Fick, Los Angeles, Cal., for Southern California Gas Co.

Edwyn R. Sherwood, Colorado Springs, Colo., for Colorado Interstate Gas Co.

R. G. Thayer, Jr., Janice E. Kerr, San Francisco, Cal., for People of State of Cal. and Public Utilities Comm. of State of Cal.

Daniel Joseph, Jack W. Hanks, Washington, D. C., David K. Watkiss, Salt Lake City, Utah, for Northwest Pipeline Corp.

Shirley A. Woo, San Francisco, Cal., for Pacific Gas & Electric Co.

R. H. Landt, Denver, Colo., for Amoco Production Co.

Paul R. Connolly, Washington, D. C., for El Paso Natural Gas Co.

Before BROWN, Chief Judge, and GODBOLD and RONEY, Circuit Judges.

ORDER:

These consolidated cases present an issue that is best handled by awaiting the action of the Federal Energy Regulatory Commission (FERC) in the related administrative proceeding raising essentially the same substantive question: Whether certain natural gas lease-sale agreements are sales of gas in interstate commerce within the meaning of § 5 of the Natural Gas Act, 15 U.S.C.A. § 717d. *See United Gas Improvement Co. v. Continental Oil Co. ("Rayne Field")*, 1965, 381 U.S. 392, 85 S.Ct. 1517, 14 L.Ed.2d 466; *Continental Oil Co. v. FPC ("Ship Shoal")*, 5 Cir., 1966, 370 F.2d 57, *cert. denied*, 1967, 388 U.S. 910, 87 S.Ct. 2114, 18 L.Ed.2d 1349.

Broadly stated, in the 1950's, Tenneco Oil, Sun Oil, Continental Oil, Atlantic Richfield, and several other oil companies entered into gas lease-sale agreements with El Paso Natural Gas Company in which they transferred to El Paso their working interests in certain leases in the San Juan Basin of New Mexico in return for the right to receive a so-called overriding royalty or payment. The royalty rate was to be redetermined after the initial term. If the parties could not agree on a new rate, it would be decided by arbitration.

In 1973, Sun Oil and El Paso failed to agree on a new override rate for their lease-sale agreement. A Board of Arbitrators awarded Sun Oil an override based on the wellhead price of intrastate gas instead of the regulated interstate gas rate. Other oil companies then sought to redetermine their royalty payments with El Paso.

El Paso brought four separate actions in the District Court for the District of Columbia, seeking a declaratory judgment that the royalty recipients were selling gas for resale in interstate commerce and that they had to seek certification from the Federal Power Commission (FPC) before collecting the claimed overriding royalties in excess of the regulated interstate rate.

The cases were consolidated and transferred to the Western District of Texas. On June 3, 1974, El Paso moved to refer the case to the FPC. The lower court carried the request with the case. After a lengthy trial, the District Court found that the lease-sale agreements were not economically equivalent to sales of gas in interstate commerce. The Court dismissed El Paso's complaint for lack of jurisdiction and effectively, although not explicitly, denied El Paso's motion for reference to FPC. *El Paso Natural Gas Co. v. Sun Oil et al.*, W.D.Tex., 1977, 426 F.Supp. 963.

El Paso appealed and on April 27, 1977, moved this Court to refer the appeal to the Commission. The motion was granted in a single judge order on August 4. This order, however, was vacated by this panel on January 8, 1978, and we heard oral argument on the merits of the case. *El Paso Natural*

*Gas Co. v. Sun Oil et al.,* No. 77–1762 and the companion case (77–2613, *et seq.*).

When El Paso filed its motion for reference in the District Court on June 3, 1974, it also filed a complaint with the FPC to require the royalty interest owners in the San Juan Basin to show cause why they should not be directed to obtain certification of public convenience and necessity and to file rate schedules in accordance with those provisions. The FPC deferred action on the complaint pending the decision of the federal court in the Western District of Texas. On June 3, 1977, after the District Court's decision, the Commission issued an order instituting a show cause proceeding. The Commission denied a rehearing of its order on July 29.

In August 1977, Tenneco Oil, Atlantic Richfield, Sun Oil, and other companies filed petitions for review of the June 3 and July 29 orders of the Commission. *Tenneco Oil Co., et al. v. FERC,* Nos. 77–2613, *et al.* On September 12, 1977, and January 8, 1978, we denied their motions to stay the show cause proceeding. Hearings in the proceeding are now being held. The Commission has agreed, however, to bifurcate its proceeding so that a decision on the jurisdictional issue will be reached before the remedy question is decided.

Pursuant to this Court's January 8, 1978 order, we heard oral argument on the merits of appeal Nos. 77–2613, *et al.* along with appeal No. 77–1762. We now hold that the Court should have the full benefit of the opinion of the FERC (successor to the FPC) before deciding the appeal from the District Court. *J. M. Huber Corp. v. Denman,* 5 Cir., 1966, 367 F.2d 104; *Weymouth v. Colorado Interstate Gas Co.,* 5 Cir., 1966, 367 F.2d 84; *see Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 5 Cir., 1976, 532 F.2d 412, 418, *cert. denied,* 1977, 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541.

Accordingly, with respect to appeal from the District Court in No. 77–1762, the Court will withhold decision pending receipt of the opinion of the Commission in the proceedings involved in Nos. 77–2613, *et al.* We retain jurisdiction over both cases for the entry of whatever orders are necessary to assure that this matter is expeditiously considered by the FERC. If there is any indication of undue delay or the failure to act, the Court will take whatever proper action is reasonably necessary.

After the FERC reaches its decision concerning the gas lease-sale agreements and all petitions for rehearing have been considered, the Commission should file its orders, opinions, etc., with this Court for its consideration. The parties, without further leave, should then file briefs on what action this Court should take in either one or both of these proceedings now before us. The Court again admonishes counsel to avoid needless duplication.